IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 19-cv-03295-WJM-SKC

DOWNTOWN LOFTS LIHTC LLP
and DOWNTOWN LOFTS PAB LLLP,

Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation.

Defendant.

---

**EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Defendant Travelers Property Casualty Company of America ("Travelers"), through its attorneys, Gordon Rees Scully Mansukhani LLP, hereby submits the following Early Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(b) and Section III(E)(2) of this Court's Practice Standards.

**Introduction**

This matter arises from a water loss at a condominium complex. Travelers issued a builders' risk policy ("Policy") to nonparty FCI Constructors ("FCI") to insure FCI's work on the project. The Policy provides coverage for Covered Property, as defined in the Policy, and includes a separate Coverage Extension for Soft Costs. The Policy provides a separate definition for Soft Costs and coverage for Soft Costs is subject to a separate sublimit. After the underlying loss occurred, Travelers adjusted the claim presented by FCI and issued payment to FCI for damage to Covered Property and for the Soft Costs incurred by FCI. FCI is not asserting claims against Travelers and Plaintiffs do not assert

that the amount paid to FCI to repair the Covered Property was insufficient. Separately, Plaintiffs presented a claim to Travelers for damages in the form of additional Soft Costs beyond the amount paid to FCI. Plaintiffs own the building and contend they are Additional Named Insureds as defined by Section E.1. of the Policy. Plaintiffs claim that their status as Additional Named Insureds entitles them to Soft Costs coverage. Plaintiffs' position is contrary to the plain language of the Policy and Travelers denied Plaintiffs' claim.

The parties' early cross motions for summary judgment present a policy interpretation question to this Court. Specifically, whether a party that qualifies as an Additional Named Insured under Section E.1. of the Policy is entitled to Soft Costs coverage. This Court should hold that Additional Named Insureds are not entitled to Soft Costs coverage. The plain language of Policy limits the coverage afforded to Additional Named Insureds. The Policy unambiguously provides that the coverage afforded to an Additional Named Insured is limited "to the extent of their financial interest in the Covered Property." "Covered Property" is a defined term within the Policy and the term plainly does not include coverage for Soft Costs. Instead, Soft Costs coverage is provided subject to a separate Coverage Extension. As outlined below, the Coverage Extension unambiguously applies only to the Named Insureds shown in the Declarations. Plaintiffs are not Named Insureds and the interpretation sought by Plaintiffs would render the distinction between Named Insureds and Additional Named Insureds meaningless.

The parties have agreed to submit these early cross motions for partial summary judgment to address the coverage for Soft Costs, if any, available to an Additional Named Insured as set forth by Section E.1. of the Policy. This Court should apply the plain

language of the Policy and determine that an Additional Named Insured is not entitled to Soft Costs coverage.

## Statement of Undisputed Material Facts

The parties have submitted a separate set of stipulated facts for the purposes of these Early Partial Motions for Summary Judgment only. (Doc. 36).[1]

## Relevant Policy Provisions

A certified copy of the applicable Policy is attached as Exhibit A to the parties' stipulated facts.  (Doc. 36-1).

The Policy's insuring agreement provides:

> Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. . .[2]
>
> **A.    COVERAGE**
>
> We will pay for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.
>
> **1.    Covered Property**
>
> Covered Property, as used in this Coverage Form, means the following types of property you own or for which you are legally liable, the value of which is included in the estimated "total project value" shown in the Declarations:
>
> **a.    Permanent Works**
> Materials, equipment, machinery, supplies and property of a similar nature that will become a permanent part of the project

---

[1] The parties' Early Motions for Partial Summary Judgment address Plaintiffs' claim that Soft Costs are recoverable by a party that qualifies as an Additional Named Insured under Section E.1. of the Policy.  As required by this Court's Practice Standards, the resolution of this issue will permit the parties to focus discovery to address whether Plaintiffs can qualify as Additional Named Insureds and, if they can qualify as such, whether the alleged damages fall within the Policy.  If Additional Named Insureds cannot recover Soft Costs, Plaintiffs are expected to argue that they had a reasonable expectation of coverage.

[2] The Policy Declarations identify FCI Constructors, Inc. and six related entities as the Named Insureds.  Plaintiffs are not Named Insureds.  (Doc. 36-1 at pp. 2 and 8).

> described in the Declarations during completion of such project or that will be used or expended in the completion of such project.
>
> Completion of the project includes site preparation (including demolition of existing buildings or structures), fabrication, assembly, installation, erection, alteration, renovation and similar construction activities.
>
> **b. Temporary Works**
> Cofferdams, construction forms, cribbing, falsework, hoarding, scaffolds, fencing, signs, office trailers (and their "contents") and similar temporary buildings or structures incidental to completion of the project described in the Declarations.
>
> \* \* \* \* \* \* \* \* \*
>
> **3. Covered Causes of Loss**
>
> Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is excluded in Section B – EXCLUSIONS.

(Doc. 36-1 at pp. 21-22)

Section 4.d. of the Policy, "Coverage Extensions," addresses Soft Costs. The Policy provides: "Each of the following Coverage Extensions applies unless *Not Covered* is indicated in the Declarations":

> **d. Soft Costs**
>
> We will pay your "soft costs" during the "period of delay in completion". Such "soft costs" must result from direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss which delays the completion of the applicable project described in the Declarations beyond the "planned completion date".
>
> The Soft Costs Limit of Insurance shown in the Declarations is the most we will pay in any one occurrence under this Coverage Extension.

(*Id.* at p. 23) In Part F, Definitions, the Policy defines "Soft Costs" as follows:

> **10. "Soft Costs"** means your actual and necessary business costs in excess of your budgeted amount for the project consisting only of:

      **a**.     Advertising and promotional expenses.
      **b.**    Architect, engineer, designer and consultant fees.
      **c.**    Costs resulting from the renegotiation of your sales contract, leases or construction loans.
      **d.**    General overhead and administrative expenses, other than legal, accounting and professional fees.
      **e.**    Insurance premiums.
      **f.**    Interest on money borrowed to finance construction.
      **g.**    Legal and accounting fees and other costs to renegotiate and prepare revised contracts and other documents.
      **h.**    Permit and Inspection Fees.
      **i.**    Realty taxes and realty assessments.

(*Id.* at p. 39).

Section E of the Policy addresses Additional Named Insured identified in contracts or written agreements executed prior to any loss:

1. **Additional Named Insured**

   The following persons or organizations are included as Additional Named Insureds when you have agreed in a written contract or written agreement, executed prior to loss, to name such persons or organizations as an Additional Named Insured, but only to the extent of their financial interest in the Covered Property.

      **a.**    Owners of Covered Property;
      **b.**    Mortgagees or loss payees;
      **c.**    Contractors, sub constructors and sub-sub contractors; and
      **d.**    Lessors or lessees.

*Id.* at p. 32.

## Interpretation of Insurance Policies

A federal court sitting in diversity jurisdiction is bound to construe and apply the substantive law of the forum state. *Leprino Foods Co. v. Factory Mut. Ins. Co.*, 453 F.3d 1281, 1287 (10th Cir. 2006) (in diversity cases, federal courts apply Colorado law and interpret insurance policies as a Colorado court would). Under Colorado law, the interpretation of language used in an insurance policy is a question of law for the court.

*Id.* The court interprets the language by construing the policy's precise terms. *See Kesling v. Am. Family Mut. Ins. Co.*, 861 F.Supp.2d 1274, 1283 (D.Colo.2012) ("I must take the language of this policy as it is and apply it to the facts of this case as they are. I do so while recognizing certain general principles of Colorado insurance coverage law.").

Under Colorado law, insurance contracts are to be construed in accordance with the general laws of contracts. *Ark. Valley Drilling, Inc. v. Cont'l W. Ins. Co.*, 703 F. Supp. 2d 1232, 1237 (D. Colo. 2010) (citations omitted). An insurance contract must be interpreted according to the plain and ordinary meaning of its language. *Id.* (citations omitted). When the language used in a contract is plain and its meaning is clear, the agreement must be enforced as written. *Id.* Courts may neither add provisions to extend coverage beyond that contracted for, nor delete provisions to limit coverage. *Id.* (citing *Cyprus Amax Materials Co. v. Lexington Ins. Co.,* 74 P.3d 294, 299 (Colo.2003)). Instead, the construction of a policy "must be fair, natural, and reasonable rather than strained and strictly technical." *Id.* (quoting *Massingill v. State Farm Mut. Auto. Ins. Co.,* 176 P.3d 816, 825 (Colo. App. 2007) (*citing Pub. Serv. Co. v. Wallis & Cos.,* 986 P.2d 924, 939 (Colo. 1999)).

"An insurance policy is ambiguous if it is susceptible on its face to more than one reasonable interpretation. . . . A mere disagreement between the parties concerning interpretation of the policy does not create an ambiguity."  *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 810 (10th Cir. 2009) (quoting *Cary v. United of Omaha Life Ins. Co.*, 108 P.3d 288, 290 (Colo. 2005)).  To ascertain whether a provision is ambiguous, the Court construes it "in harmony with the plain, popular, and generally accepted meaning of the words employed." *Wota v. Blue Cross & Blue Shield*, 831 P.2d

1307, 1309 (Colo. 1992)). A policy "should be read to avoid ambiguities if possible, and the language should not be tortured to create ambiguities." *Id.* at 1309 (citations omitted).

## Analysis

"'Builder[']s risk' insurance is a unique form of property insurance that typically covers only projects under construction, renovation, or repair and insures against accidental losses, damages or destruction of property for which the insured has an insurable interest.... The purpose of builder's risk insurance is to compensate for loss due to physical damage or destruction caused to the construction project itself." *HB Constr., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 1:17-cv-01132-WJ-SMV, 2019 U.S. Dist. LEXIS 129666, at *11 (D.N.M. Aug. 1, 2019) (quoting *Fireman's Fund v. Structural Sys. Tech., Inc.*, 426 F.Supp.2d 1009, 1025 (D. Neb. 2006); *One Place Condo., LLC v. Travelers Prop. Cas. Co. of Am.*, 2015 U.S. Dist. LEXIS 56565, 2015 WL 2226202, at *3 (N.D. Ill. Apr. 22, 2015)). "Builder's risk policies typically indemnify a contractor against the loss of, or damage to, a building the contractor is constructing." *Copper Mtn., Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 694 n.7 (Colo.2009).

Here, the plain and unambiguous language of the Policy provides that the Coverage Extension for Soft Costs applies only to the Named Insureds identified within the Policy. The Coverage Extension does not apply to Additional Named Insureds. The Coverage Extension for Soft Costs states: "We will pay **your** 'soft costs' during the "period of delay in completion". Such 'soft costs' must result from direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss." (Doc. 36-1 at p. 23 (emphasis supplied). In turn, the phrase "your" is clearly defined to include "the Named Insured shown in the Declarations." (*Id.* at p. 21); *see also Associated*

*Electric & Gas Ins. Svcs. Ltd. v. American Int'l Group, Inc.*, 166 F.Supp.3d 1248, 1254 (D. Utah 2015) (terms "you" and "your" were clearly defined as applying only to the named insureds).  Plaintiffs are not Named Insureds and they do not appear on the Declarations page or on the general purpose endorsement listing the Policy's Named Insureds.  (*Id.* at pp. 2 and 8).  Accordingly, they are outside the coverage grant and are not entitled to seek Soft Costs coverage.

Plaintiffs' standing as Additional Named Insureds under Section E.1. does not trigger the Coverage Extension for Soft Costs.  Section E.1. provides that owners, mortgagees, loss payees, contractors, subcontractors, lessors, and lessees are included as "Additional Named Insureds" when a Named Insured has agreed, in an executed agreement or contract, to name such persons as an Additional Named Insured prior to the loss.  (Doc. 36-1 at p. 32).  Importantly, Section E.1. expressly provides that the coverage provided to Additional Named Insureds is limited "to the extent of their financial interest in the Covered Property."  *Id.*  Covered Property is a defined term within the Policy.  *Id.* at p. 21 ("Covered Property, as used in this Coverage Form, means. . .a. Permanent Works . . .b. Temporary Works…").  Thus, the coverage provided to Additional Named Insureds is expressly limited to their financial interest in Covered Property as that term is defined within the Policy.

As applied to the present case, Plaintiffs cannot claim Soft Costs as Additional Named Insureds under Section E.1.  FCI contracted with the Colorado Coalition for the Homeless to construct the Downtown Lofts project.  (Doc. 36 at ¶ 2).  During construction, the Colorado Coalition for the Homeless assigned its interest to Plaintiffs.[3]  *Id.* at ¶ 3.  A

---

[3] Plaintiffs are subsidiaries of Wells Fargo.  (Doc. 23 at p. 2).

loss occurred at the Downtown Lofts project at some time in November 2017. *Id.* at ¶ 6. In response, Travelers issued over $3.3 million in payments to FCI. *Id.* at ¶ 8. This amount consisted of $3,079,519 for damage to the Covered Property at the Project and $238,897 for FCI's Soft Costs. *Id.* Plaintiffs do not contest the amount paid to FCI to repair the Covered Property. *Id.* at ¶¶ 8-9. Instead, Plaintiffs seek coverage for additional Soft Costs they claim to have incurred in the amount of $657,211. *Id.* at ¶ 9.

Travelers denied the claim presented by Plaintiffs because Plaintiffs are not Named Insureds and are not entitled to Soft Costs coverage as Additional Named Insureds. As the Named Insured, FCI was entitled to Soft Costs coverage as set forth in the Coverage Extension and Policy Declarations. (Doc. 36-1 at pp. 14, 22-23). Accordingly, the loss payment to FCI of $3.3 million included payment to FCI for $238,897 in FCI's Soft Costs. (Doc. 36 at ¶ 8). Plaintiffs are not Named Insureds and are not entitled to Soft Costs coverage. This result flows from the plain language of the Policy. First, the Coverage Extension for Soft Costs expressly provides that it covers Soft Costs incurred only by the Named Insured. (Doc. 36-1 at p. 24 ("We will pay **your** "soft Costs). The term your only includes the Named Insureds and Plaintiffs are not Named Insureds. *Id.* at pp. 2 and 8. Second, the Policy provision addressing Additional Named Insureds provides that the coverage provided is limited "to the extent of their financial interest in the Covered Property." *Id.* at p. 32. Here, Plaintiffs do allege that they are entitled to benefits based upon their financial interest in the Covered Property and they do not contest the amount paid to FCI to repair the Covered Property. Indeed, Plaintiffs' financial interest in the Covered Property was protected by Travelers' $3.1 million loss payment to FCI for direct physical loss or damage to the Covered Property. (Doc. 36 at ¶ 8). Plaintiffs

- 9 -

allege that they are entitled to coverage for certain Soft Costs they allege to have incurred as a result of the underlying loss. This claim is broader than the rights afforded to Additional Named Insureds under the Policy and accordingly, summary judgment on this aspect of Plaintiffs' claim for Breach of Contract is appropriate.

Plaintiffs are expected to argue that the Policy is ambiguous because the section addressing Additional Named Insureds does not expressly state that Additional Named Insureds are not entitled to the various Coverage Extensions specified in Section 4. The plain language of the Policy demonstrates that this argument lacks merit. The language in the Additional Named Insured provision expressly limits the scope of coverage afforded to an Additional Named Insured and clearly distinguishes between Named Insureds and Additional Named Insureds. Section E.1. provides clear notice to persons or organizations seeking coverage under the Additional Named Insured condition that the coverage afforded is not the same as the coverage afforded to the Named Insured described in the Declarations. Instead, the coverage available is expressly limited to the Additional Named Insured's "financial interest in the Covered Property." A person or organization claiming rights as an Additional Named Insured would be alerted that (1) unless their name appears in the Declarations, they are not considered a Named Insured; and (2) the scope of coverage afforded to an Additional Named Insured is subject to plain and unambiguous limiting language. There can be no dispute that Covered Property is a defined term within the Policy and that the definition of Covered Property does not include coverage for Soft Costs.

Plaintiffs contend that an Additional Named Insured should have the same rights as a Named Insured under the Policy. But this interpretation would render the distinction

between Named Insureds and Additional Named Insureds meaningless and would rewrite Section E.1. to state that a party qualified as an Additional Named Insured is actually a Named Insured as outlined in the Declarations. This interpretation would run afoul of policy interpretation principles by failing to consider the Policy and its terms as whole.

Plaintiffs are also expected to argue that Soft Costs coverage under the Policy is illusory if it is not available to Additional Named Insureds under Section E.1. This argument is unavailing. Colorado courts recognize that, when a policy covers multiple insureds, certain insureds may not enjoy a policy's full benefits because of certain limiting exceptions. In *Church Mut. Ins. Co. v. Klein*, 940 P.2d 1001 (Colo. App. 1996), the Colorado Court of Appeals addressed a situation in which an exclusion was applied to one insured, but not another. Church Mutual issued a policy to the Rocky Mountain Conference of the United Methodist Church. *Id.* A church minister allegedly committed sexual misconduct. The accuser obtained a stipulated judgment against the minister and then pursued coverage under the Church Mutual insurance policy. *Id.* Although Church Mutual initially undertook the defense of the minister, it later disclaimed coverage to the minister because of an exclusion prohibiting coverage: "to any person who personally participated in any act of sexual misconduct or sexual molestation." *Id.* at 1003. The accuser argued that, "by denying coverage to the perpetrator of the sexual misconduct, the exclusion renders any coverage under the policy for sexual misconduct illusory." *Id.* The Colorado Court of Appeals disagreed and held that because the policy provided coverage to the Rocky Mountain Conference, which was the named insured, the coverage was neither illusory nor ambiguous. *Id.*

Courts in this circuit and beyond have reached similar conclusions regarding the application of coverage limitations. *See Associated Electric & Gas Ins. Svcs. Ltd. v. American Int'l Group, Inc.*, 166 F.Supp.3d 1248, 1254 (D. Utah 2015) (coverage existed only for liability arising from a named insured's act or failure to act but did not arise for actions or inactions of additional named insured); *Seabulk Offshore, Ltd. v. American Home Assur. Co.,* 377 F.3d 408, 421 (4th Cir. 2004) (affirming limited scope of coverage to one additional insured and broader scope of coverage to a different additional insured based upon differing endorsement language). These decisions recognize that an additional insured may have rights differing from those of a named insured as set forth in the respective policy. Here, an Additional Named Insured under Section E.1. is not entitled to the same coverage as a Named Insured identified in the Declarations. To the contrary, the plain language expressly limits the coverage available and states that parties qualifying under Section E.1. "are included as Additional Named Insureds. . . but only to the extent of their financial interest in the Covered Property." (Doc. 36-1 at p. 32). This provision is not illusory. As Additional Named Insureds, Plaintiffs obtained coverage for their financial interest in the Permanent Works and Temporary Works, i.e. the Covered Property at the project site. Plaintiffs' financial interest in the project was then protected when Travelers issued payment to FCI to repair the Covered Property and thereby restore it to its pre loss condition. (Doc. 36 at ¶ 8). Plaintiffs do not seek damages to restore the Covered Property and do not contest the amount paid to FCI to restore the Covered Property. *Id.* at ¶¶ 8-9. Plaintiffs' claim for damages beyond this amount runs afoul of the plain language of Section E.1. and there is no additional coverage for Plaintiffs' claimed soft costs.

## Conclusion

Wherefore, Travelers Property Casualty Company of America respectfully requests that this Court enter an Order determining that the plain language of Section E.1. of the Policy does not provide Soft Costs coverage to Additional Named Insureds and, in accordance with such ruling, enter partial summary judgment against Plaintiffs on their claims to the extent those claims are based upon Plaintiffs' alleged standing as Additional Named Insureds.

Dated this 24th day of March, 2020.

**GORDON & REES LLP**

 /s/    Greg S. Hearing
John M. Palmeri
Greg S. Hearing
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
ghearing@grsm.com

ATTORNEYS FOR DEFENDANT

- 14 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 24th day of March, 2020.

                    Thomas W. Henderson, Esq.
                    Nelson P. Boyle, Esq.
                    Burg Simpson Eldredge Hersh & Jardine, P.C.
                    40 Inverness Drive East
                    Englewood, Colorado 80112

                    */s/ Linda J. Bustos*