IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 19-cv-03295-WJM-SKC

DOWNTOWN LOFTS LIHTC LLP
and DOWNTOWN LOFTS PAB LLLP,

Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation.

Defendant.

## MOTION FOR SUMMARY JUDGMENT

Defendant Travelers Property Casualty Company of America ("Travelers"), through its attorneys, Gordon Rees Scully Mansukhani LLP, hereby submits the following Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b) and Section III(E) of this Court's Practice Standards.

### Introduction

This matter arises from a water loss at a condominium complex. Travelers issued a builders' risk policy ("Policy") to nonparty FCI Constructors ("FCI") to insure FCI's work on the project. After the underlying loss occurred, Travelers adjusted the claim presented by FCI and issued payment to FCI for damage to Covered Property and for the Soft Costs incurred by FCI. FCI is not asserting claims against Travelers and Plaintiffs do not assert that the amount paid to FCI to repair the Covered Property was insufficient. Instead, Plaintiffs presented a claim to Travelers for damages in the form of additional Soft Costs beyond the amount paid to FCI. Plaintiffs own the building and contend they are

Additional Named Insureds as defined by Section E.1. of the Policy. Based upon this, they claim they are entitled to Soft Costs coverage. Travelers denied Plaintiffs' claim because Plaintiffs are not Named Insureds under the Policy and Additional Named Insureds are not entitled to Soft Costs coverage.

Following the denial, Plaintiffs filed this lawsuit against Travelers. Recognizing an underlying coverage issue to be resolved by this Court, the parties have previously filed early cross motions for summary judgment regarding the interpretation of the Policy. Specifically, whether a party that qualifies as an Additional Named Insured under Section E.1. of the Policy is also entitled to Soft Costs coverage. The policy interpretation sought by the parties presents an issue of first impression.

Travelers now files this Motion for Summary Judgment addressing Plaintiffs' claims for common law and statutory bad faith. To the extent that this Court grants Travelers' Early Motion for Partial Summary Judgment regarding the absence of coverage under the Policy, summary judgment on the remaining claims against Travelers is appropriate as there can be no claim for bad faith in the absence of coverage. Separately, and even if this Court denies or cannot fully rule on the early motions for summary judgment, summary judgment on the bad faith claims is appropriate as the parties' briefing and the undisputed facts reveal that Travelers' claim handling of this coverage dispute was objectively reasonable as a matter of law. For these reasons, as more fully set forth below, summary judgment is appropriate.

### **Incorporation of Early Motion for Summary Judgment**

Pursuant to Fed. R. Civ. P. 10(c), Travelers hereby incorporates its Early Motion for Summary Judgment and reply in support of the same. (Docs. 37 and 49). As set

forth therein, there is no coverage for Plaintiffs' claims because the plain language of Section E.1. of the Policy does not provide Soft Costs coverage to Additional Named Insureds and it is undisputed that Plaintiffs are not Named Insureds under the Policy.

## Movant's Statement of Undisputed Material Facts

The parties have previously submitted a set of stipulated facts in support of the cross motions for early summary judgment. (Doc. 36). Travelers incorporates those facts herein pursuant to Fed. R. Civ. P. 10(c).

## Standard of Review

Summary judgment is proper when the evidence reveals no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Markwest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1190 (10th Cir. 2009) (citing Fed.R.Civ.P. 56 (c)). The party moving for summary judgment may satisfy its burden by demonstrating that there is an absence of evidence in the record to support the non-moving party's case. *Ark. Valley Drilling, Inc. v. Continental Western Ins. Co.*, 703 F.Supp.2d 1232, 1235 (D. Colo. 2010) ("A party who does not have the burden of proof at trial must show the absence of a genuine fact issue."). The Court examines the factual record and all reasonable inferences therefrom. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

When the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the

movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on its claim, a trial would be useless. *Celotex Corp.*, 477 U.S. at 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986).

## Legal Analysis

### A.  Because Additional Named Insureds are not entitled to Soft Costs Coverage, Plaintiffs' statutory and common law bad faith claims must be dismissed.

"The issue of coverage is a central predicate to any claim of bad faith breach of the insurance contract." *Cary v. United of Omaha Life Ins. Co.*, 91 P.3d 425, 427 (Colo. App. 2003), *rev'd other grounds*, 108 P.3d 288, 290 (Colo. 2005).  Where there has been no breach of the insurance contract, there can be no claim for "bad faith" breach of contract. *See Lincoln Gen. Ins. Co. v. Bailey*, 224 P.3d 336, 342 (Colo. App. 2009) (where there was no breach of contract, bad faith claim was properly dismissed); *South Park Aggregates, Inc. v. Northwestern Natl. Ins. Co.*, 847 P.2d 218, 223 (Colo. App. 1992) (finding of breach of contract is condition precedent to finding of bad faith breach). Accordingly, where a policy provides no coverage and the insured is not entitled to recover benefits, the insurer cannot be liable for unreasonable denial of or bad faith refusal to pay the claim and judgment is appropriate on any bad faith claim arising from failure to pay benefits not owed. *656 Logan St. Condo. Ass'n v. Owners Ins. Co.*, 389 F. Supp. 3d 946, 957 (D. Colo. 2019) (citing *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage.")).

Because Plaintiffs are not entitled to "covered benefits" under the Policy, Travelers cannot be liable for unreasonably denying payment of benefits it does not owe. *See Jordan v. Safeco Ins. Co.*, 348 P.3d 443, 451 (Colo. App. 2013) (if no "covered benefits" are owed because there is no coverage, there can be no claim for "two times the covered benefits" under § 10-3-1116); *e.g.*, *Crazy Willy's, Inc. v. Valley Forge Ins. Co.*, No. 13-cv-03154-CMA-KMT, 2015 U.S. Dist. LEXIS 25494, \*\*18-19 (D. Colo. Mar. 2, 2015); *Sentry Ins. Mut. Co. v. St. Claire's Organics, Inc.*, No. 11-cv-00119-REB-BNB, 2012 U.S. Dist. LEXIS 117802, \*\*9-10 (D. Colo. Aug. 20, 2012).

Briefly, and as more fully set forth in Travelers' Early Motion for Summary Judgment (Doc. 37), the plain and unambiguous language of the Policy provides that the Coverage Extension for Soft Costs applies only to the Named Insureds identified within the Policy. Plaintiffs are not Named Insureds. The Coverage Extension for Soft Costs states: "We will pay **your** 'soft costs' during the "period of delay in completion". Such 'soft costs' must result from direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss." (Doc. 36-1 at p. 23 (emphasis supplied). In turn, the phrase "your" is clearly defined to include "the Named Insured shown in the Declarations." (*Id.* at p. 21); *see also Associated Electric & Gas Ins. Svcs. Ltd. v. American Int'l Group, Inc.*, 166 F.Supp.3d 1248, 1254 (D. Utah 2015). Plaintiffs are not Named Insureds and they do not appear on the Declarations page or on the general purpose endorsement listing the Policy's Named Insureds. (*Id.* at pp. 2 and 8).

Importantly, Plaintiffs' standing as Additional Named Insureds under Section E.1. does not trigger the Coverage Extension for Soft Costs. Section E.1. provides that certain parties can be included as "Additional Named Insureds" when a Named Insured

has agreed, in an executed agreement or contract, to name such persons as an Additional Named Insured prior to the loss.  (Doc. 36-1 at p. 32).  Importantly, Section E.1. expressly provides that the coverage provided to Additional Named Insureds is limited "to the extent of their financial interest in the Covered Property."  *Id.*  Covered Property is a defined term within the Policy.  *Id.* at p. 21  Thus, the coverage provided to Additional Named Insureds is expressly limited to their financial interest in Covered Property as that term is defined within the Policy. That section does not create or extend coverage for Soft Costs which are only available to the Named Insured as specified in coverage extension.  (Docs. 37 and 49).  Because there is no coverage, this Court should dismiss Plaintiffs' Second Claim for Relief for statutory bad faith and Third Claim for Relief for common law bad faith as a matter of law. (Doc. 6).

### B. Even if this Court determines that coverage may be available, summary judgment in Travelers' favor on Plaintiffs' bad faith claims remains appropriate as Travelers' claim handling was objectively reasonable as a matter of law.

The issue of bad faith is not whether an insurer is "right" or "wrong" in its conclusions or evaluations.  *Wheeler v. Reese*, 835 P.2d 572, 578-79 (Colo. App. 1992).  To hold otherwise would involve "twenty-twenty hindsight."  *Sanderson v. Amer. Family Mutual Ins. Co.*, 251 P.3d 1213, 1219 (Colo. App. 2010).  "[T]he justification for bad faith jurisprudence is as a shield for insureds – not as a sword for claimants. Courts should not permit bad faith in the insurance milieu to become a game of cat-and-mouse between claimants and insurer, letting claimants induce damages that they then seek to recover, whilst relegating the insured to the sidelines as if only a mildly curious spectator."  *Wade v. EMCASCO Ins. Co.,* 483 F.3d 657, 669-670 (10th Cir. 2007).

The reasonableness of the insurer's conduct is to be determined objectively, according to industry standards. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275-76 (Colo. 1985). An insurer's decision whether benefits are owed must be measured by the evidence available to it at the time the decision was made. *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970 (Colo. App. 1996). Under Colorado law, it is reasonable for an insurer to challenge claims that are "fairly debatable." *Savio*, 706 P.2d at 1275; *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 496 (Colo. App. 2011). An insurer can challenge claims that are "fairly debatable" and will be found to have acted in bad faith only if it intentionally delays or denies a claim without a reasonable basis. *Brandon v. Sterling Colo. Beef Co.*, 827 P.2d 559, 561 (Colo. App. 1991). If a reasonable person would find the insurer's justification for denying or delaying payment of a claim was "fairly debatable," this weighs against a finding that the insurer acted unreasonably. *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848 (Colo. 2018). The issue of bad faith is not whether an insurer is "right" or "wrong" in its conclusions or evaluations. *Wheeler v. Reese*, 835 P.2d 572, 578-79 (Colo. App. 1992). To hold otherwise would involve "twenty-twenty hindsight." *Sanderson v. American Family Mut. Ins. Co.*, 251 P.3d 1213, 1219 (Colo. App. 2010). Even a reasonable, albeit mistaken, belief that a claim is not compensable is not bad faith. *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 572 (Colo. App. 2003); *Zolman*, 261 P.3d at 497.

Reasonableness may be decided as a matter of law. *Zolman*, 261 P.3d at 497. *See*, *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Fisher*, 618 F.3d 1103 (10th Cir. 2010) (affirming summary judgment for insurer on bad faith claim because coverage was "fairly debatable"); *Glacier Constr. Co. v. Travelers Prop. Cas. Co. of Amer.*, 569 Fed. Appx.

582, 589-91 (10th Cir. 2014) (affirming summary judgment for insurer because coverage was "fairly debatable"; "applying the appropriate standards, we conclude that no reasonable jury could have found on the evidence presented that Travelers' post-claim-denial conduct unreasonably delayed or denied Glacier's claim."); *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 556-57 (Colo. App. 1998) (affirming dismissal of bad faith claims because insured's claims were fairly debatable); *Zolman*, 261 P.3d at 496-97 (affirming summary judgment for insurer because "[i]t is reasonable for an insurer to challenge claims that are fairly debatable" and because reasonableness may be decided as matter of law where facts are undisputed); *Pham*, 70 P.3d at 572 (affirming summary judgment for insurers because bad faith claim was fairly debatable); *Brandon*, 827 P.2d at 561 (holding as matter of law that insurer's actions did not constitute bad faith because insured's claims were fairly debatable).

Even if this Court determines there is Soft Costs coverage afforded to Additional Named Insureds or determines that a factual dispute precludes such a determination, summary judgment should still enter in Travelers' favor on the claims for statutory and common law bad faith. Here, the parties have agreed that a legal question governs the availability, if any, of covered benefits under the Policy. They have filed cross motions addressing that issue. (*See* Docs. 36-38; 45-46; 49-50). Because the availability of coverage is unclear at best, it is reasonable for Travelers to question coverage and the amount of benefits, if any, owed. *See Glacier Constr. Co.*, 569 Fed. Appx. at 589-91. Accordingly, even if this Court determines that benefits may be owed to Plaintiffs, it should determine, as a matter of law, that Travelers has acted reasonably in challenging Plaintiffs' claims and is therefore entitled to summary judgment on Plaintiffs' second and

third claims for relief.

## Conclusion

Wherefore, Travelers Property Casualty Company of America respectfully requests that this Court enter summary judgment in its favor and enter an Order determining that the plain language of Section E.1. of the Policy does not provide Soft Costs coverage to Additional Named Insureds and to dismiss Plaintiffs' remains claims for statutory and common law bad faith with prejudice.

Dated this 9th day of October, 2020.

**GORDON & REES LLP**

 /s/    Greg S. Hearing
John M. Palmeri
Greg S. Hearing
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
ghearing@grsm.com

ATTORNEYS FOR DEFENDANT

- 10 -

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 9th day of October, 2020.

                          Thomas W. Henderson, Esq.
                          Nelson P. Boyle, Esq.
                          Burg Simpson Eldredge Hersh & Jardine, P.C.
                          40 Inverness Drive East
                          Englewood, Colorado 80112

                          */s/ Greg S. Hearing*